RUTH LEVY, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Order of the Appellate Term, reversing the judgment of the Municipal Court of the City of New York, Borough of Richmond, and granting a new trial, reversed on the law and the facts, and judgment of the Municipal Court in favor of the defendant affirmed, with costs in this court and in the Appellate Term. The misrepresentations made by the deceased insured in his application for insurance were so material as to void the policy. (*Geer* v. *Union Mutual Life Ins. Co.*, 273 N. Y. 261.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

ADELINA LUPPINO, Respondent, v. KATIE CUTRI, Appellant.— Order as resettled, granting motion to open default and vacate inquest upon condition that taxable costs be paid and surety company bond furnished, modified by striking out the provision requiring defendant to furnish a surety company bond in the sum of $2,500, and as so modified affirmed, without costs. No opinion. Appeal from order dated May 12, 1938, dismissed. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CALIFORNIA PIE & BAKING CO., INC., Appellant.— Judgment of a city magistrate, sitting by consent as a Court of Special Sessions of the City of New York [Municipal Term], Borough of Brooklyn, convicting defendant of violating the Sanitary Code, section 163 (chap. 20, art. 9), of the Code of Ordinances of the City of New York, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORRIS ENGARGOLA, Appellant.— Judgment of the County Court of Kings county, convicting defendant of the crime of assault in the second degree, reversed on the law and a new trial ordered. The court erred in its charge in the observations made preliminarily to the instructions respecting self-defense at folio 462, and in its charge respecting the effect of the giving of false testimony by a witness, at folio 468. These errors may not be overlooked as not being prejudicial, even though the record contains an ample basis for the jury's verdict of conviction. Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ., concur.

THE SEAMEN'S BANK FOR SAVINGS IN THE CITY OF NEW YORK, Respondent, v. JONECA REALTY CORPORATION, Appellant.— Order allowing twenty-nine amendments proposed by plaintiff to defendant's proposed case modified so as to provide that amendments numbered 3, 4, 5, 6, 8, 11, 15, 17, 19, 23, 26 and 27 be disallowed, and as so modified affirmed, without costs. Respondent, if so advised, may print a supplemental record containing the testimony referred to in proposed amendments numbered 5 and 6, said supplemental record to be settled before the trial justice on three days' notice. The amendments here disallowed are unnecessary in view of the fact that the appeal is from the judgment only in so far as it decrees reformation of the mortgage. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.